JOSEPH A. SJOBERG v. CITY OF MINNEAPOLIS.[1]

May 22, 1936.

No. 30,970.

R. S. *Wiggin*, City Attorney, and *Palmer B. Rasmusson*, Assistant City Attorney, for appellant.

*Thompson, Hessian & Fletcher* and *A. C. Peterson*, for respondent.

I. M. OLSEN, JUSTICE.

Defendant appeals from a judgment in favor of the plaintiff.

Plaintiff was a police officer in the city of Minneapolis. He served under the civil service provisions of the charter and under the rules of the civil service commission. Sections 1 and 3 of Rule VIII of the civil service rules provide as follows:

"Any employe in the classified service may be suspended for disciplinary purposes, but such suspension shall not be for a period in excess of ninety (90) calendar days nor except for some offense committed by the employe so suspended. Failure of employe to return on date of expiration of suspension shall be considered in effect a resignation.

"Section 3. Any employe in the classified service who has been continuously employed in a department for a period of six or more calendar months may be temporarily suspended, pursuant to Chapter 19, Section 7j, from the service by the head of the department or

[1]Reported in 267 N. W. 374.

by the appointing officer therein, pending the investigation of charges relating to the service, character or conduct of such employe. Such separation may follow a suspension for disciplinary purposes for the same offense, but in no case shall the two suspensions amount to more than a combined total of 90 days."

Rule VI, § 4, provides for a report, in the form of a recommendation, to the commission by the head of any department of his desire to discharge any employe, with a statement of the reasons for such discharge and a request for a hearing thereon; the report also to contain a statement that the employe has been suspended until final action on the matter has been taken by the commission. On February 21, 1934, the head of the police department filed such a report with the commission, stating that the discharge of plaintiff was recommended for violation of § 5, General Rules of the Police Manual, and that he was suspended for 90 days without pay pending trial before the civil service commission, the suspension effective February 21, 1934. There are the further statements that the employe is suspended pending final action upon the recommendation, and that notice had been given to the employe of the report on the date stated. Charges against the plaintiff, specifying the misconduct complained of, were thereupon presented to the mayor of the city and by him referred to the civil service commission. Hearing was had before the commission, and on April 5, 1934, the commission, by resolution, sustained the charges made and ordered that plaintiff be discharged from his position as a member of the police force. Thereafter a writ of *certiorari* was issued by the district court of Hennepin county to review the action of the civil service commission. The matter was heard before Judge Reed of the district court, and by his decision and order made May 12, 1934, he found that there was no evidence sufficient to sustain the decision of the commission, and no evidence of any neglect of duty on the part of the plaintiff to sustain the charges against him. The court ordered that the resolution of the commission sustaining the charges and ordering that plaintiff be discharged from the police department "is hereby vacated and set aside." The order so made has not been brought here for review and remains in force.

Plaintiff was reinstated in his position shortly after May 21, 1934. He brought the present action to recover his pay or salary, at the rate of $170 per month, for the period from February 21, 1934, the time when he was suspended, up to May 21. The action was brought and tried in the municipal court of the city of Minneapolis. The court found that he was entitled to recover salary from April 5, the time when the civil service commission made its decision, up to May 21, amounting to $255, and granted judgment against the city for that amount, with interest from May 31, 1934, together with his costs and disbursements. This appeal is from the judgment thereupon entered.

The city contends that the head of the police department had the unqualified right to suspend a policeman in that department for 90 days, without pay, for the purpose of discipline. That is not disputed, and the court so held. The court held that this was not a suspension for disciplinary purposes, but was a suspension only pending investigation of specific charges and that the suspension terminated at the date the civil service commission made its final order thereon on April 5, 1934; that the order of the district court thereafter made, vacating and setting aside the order of the commission, must be held effective as of that date.

That the order of suspension by the head of the police department was for the purpose of discharging plaintiff rather than for disciplinary purposes seems clear. The order starts out with the statement: "I hereby recommend for discharge Patrolman Joe A. Sjoberg." It then goes on to state the reason for asking the discharge, and further states:

"Suspended for 90 days without pay pending trial before the Civil Service Commission, effective Feb. 21, 1934. The above named employe is hereby suspended pending final action upon this recommendation."

As already noted, by § 3 of Rule VIII of the civil service rules, an employe "may be temporarily suspended, pursuant to Chapter 19, Section 7j, from the service by the head of the department or by the appointing officer therein, pending the investigation of charges relating to the service, character or conduct of such employe."

The evidence sustains the conclusions and holding of the trial court that this was not a suspension for disciplinary purposes but for purposes of discharge, and that it terminated upon final action by the commission on the charges preferred. True, the commission sustained the charges, but that action was vacated and set aside by the district court as unjustified. Hence the plaintiff was in fact entitled to be reinstated on April 5, 1934, at the time the commission took final action. He should be entitled to his wage or salary from that date.

Some claim is made that the writ of *certiorari* issued by the district court to review the proceeding before the civil service commission was unauthorized and improper. No review having been sought of the order or judgment entered in that proceeding, that question is not before us.

The record presents no reversible error.

Judgment affirmed.